**UNITED STATES DISTRICT COURTFOR THE DISTRICT OF COLUMBIA**

Pim Shih
    **Plaintiff,**

    **v.**

Community Development Financial institutions Fund

    **Defendant**

Case: 1:24-cv-01378
Assigned To : Unassigned
Assign. Date : 05/06/2024
Description: Pro se. Gen. Civ. (F-Deck)

**Civil Action No.**
**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, NEGLIGENCE, BREACH OF DUTY TO PROMOTE ECONOMIC OPPORTUNITY AND RETALIATION**

## COMPLAINT

COMES NOW, Pim Shih, Plaintiff, pro se, hereby files this Complaint against Community Development Financial Institutions Fund (CDFI), Defendant, under Complaint, CDFI, discrimination and negligence, Civil Rights act, submit to US District Court for the District of Columbia . and alleges as follows:

### JURISDICTION AND VENUE

1. This action arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331, as this action arises under the laws of the United States.

1

3. The venue is proper in the US District Court District of Columbia  pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

4. Pim Shih, the plaintiff, is an individual residing at [574A 62nd Street #3], [West New York], [NJ], [ 07093]. The plaintiff is an underserved minority business owner, holding protected status as an Asian-American and Christian , believer of Jesus Christ the Lord .

5. Community Development Financial Institutions Fund (CDFI), the defendant, is an agency of the United States Department of the Treasury, tasked with fostering economic opportunity for underserved individuals and communities. CDFI is responsible for administering financial programs and initiatives to support community development lenders, investors, and financial service providers across the nation. It is alleged that the defendant has engaged in discriminatory practices during the evaluation of the plaintiff's application for financial assistance.

## STATEMENT OF FACTS

### A. Background:

6. Plaintiff Pim Shih, a minority-owned small business owner, is seeking economic support from the [Community Development Financial Institutions Fund (CDFI)], a federal agency with a mission to expand economic opportunities for underserved communities.

2

**B. Interaction with CDFI:**

7. On August 29, 2023, Plaintiff sent a complaint email to CDFI, expressing dissatisfaction with the difficulties encountered in obtaining financial assistance.

8. CDFI responded on August 30, 2023, acknowledging Plaintiff's concerns, and requesting additional documentation of specific encounters with CDFI-approved organizations.

9. On the same day, Plaintiff provided details regarding interactions with GNEC and UCEDC, attaching emails and documents illustrating the challenging and seemingly discriminatory processes they faced.

10. CDFI assured Plaintiff that a representative would contact them within two business days.

**C. Discrimination by GNEC:**

11. Plaintiff specifically highlighted the discriminatory actions of GNEC, pointing to Fabian Benalcazar's statement that Plaintiff's financials did not demonstrate the ability to handle obligations, despite a robust FICO score and business serving the Newark, NJ area.

12. Plaintiff contended that GNEC's underwriting process and alleged discrimination run counter to the CDFI's mission of expanding economic opportunities for underserved people and communities.

**D. Discrimination by UCEDC:**

13. The plaintiff also outlined discriminatory actions by UCEDC, quoting Fernando Dager's requirement for a "clean P&L for the 2023 year to date" and expressing confusion over the term "good books and records."

14. Plaintiff argued that UCEDC's actions, demanding specific financial documentation, stray from the CDFI's mission and contribute to discrimination against minority-owned small businesses.

### E. Follow-Up and Silence:

15. Despite CDFI's initial acknowledgment and assurance of a prompt response, Plaintiff has not received any communication for three months since the last correspondence on August 30, 2023.

### F. Protected Status:

16. On September 14, 2023, Plaintiff emphasized their protected status as an Asian American and believer Jesus Christ The Lord , suggesting that the lack of response may be linked to discrimination based on these factors.

17. Plaintiff contends that the actions and inaction of CDFI, GNEC, and UCEDC amount to discrimination, negligence, and a failure to adhere to CDFI's mission of promoting economic opportunity for underserved communities.

### FACTUAL ALLEGATIONS

18. The plaintiff, Pim Shih, is the founder and owner of The Set International LLC , a minority-owned small business dedicated to serving the interests of  Newark NJ among other areas . Recognizing the mission of the

Community Development Financial Institutions Fund (CDFI) to expand economic opportunities for underserved people and communities, the plaintiff approached CDFI seeking financial assistance to further contribute to the growth and development of the local community.

19. The plaintiff embarked on the application process for CDFI funds with optimism and a strong commitment to the values espoused by the organization. However, the plaintiff alleges a series of discriminatory practices and instances of negligence during the course of this application process.

20. Despite diligently meeting and exceeding the financial qualifications outlined by CDFI and presenting a robust credit profile with a FICO score of 790, the plaintiffs found themselves confronted with unjust obstacles. The discriminatory treatment experienced included, but is not limited to:

a. **Unreasonable Scrutiny:** Throughout the application process, CDFI subjected the plaintiff to an unprecedented level of scrutiny, surpassing industry standards. This included repeated requests for redundant documentation and information, creating an atmosphere of unnecessary hardship and complexity that far exceeded what is typically expected from financial institutions.

b. **Discriminatory Underwriting Practices:** Specific encounters with CDFI-affiliated organizations, such as GNEC and UCEDC, revealed discriminatory underwriting practices. For instance, GNEC's response

cited inadequacies in the plaintiff's personal and business financials, which, when evaluated objectively, contradicted the plaintiff's excellent FICO score and the business's dedication to the local community.

c. **Unjustified Risk Assessment:** GNEC's conclusion that the plaintiff's request represented a risk beyond their comfort level was unfounded and failed to align with the genuine risk associated with the business's performance and projected growth. This biased risk assessment contradicts the CDFI Fund's mission to expand economic opportunity for underserved people and communities.

d. **Subjective Determination of "Good Books and Records":** UCEDC's requirement for the plaintiff to provide "good books and records" for lending purposes raises concerns about subjective evaluations that may lead to discriminatory actions. The lack of clarity surrounding this requirement leaves room for biased judgments that deviate from the CDFI Fund's mission.

e. **Inconsistent Standards:** The plaintiff observed a disparity in the standards applied by CDFI compared to traditional banks. Despite the business's strong financial standing, the CDFI-affiliated organizations presented an array of hurdles, creating an environment where minority-owned businesses are held to higher and often inconsistent standards, contrary to the intended mission of CDFI.

21. These discriminatory practices, in conjunction with the negligence displayed by CDFI-affiliated organizations, culminated in the unjust denial of financial support to the plaintiff. This denial not only contradicts the principles and mission of CDFI but also perpetuates systemic barriers for minority-owned small businesses seeking genuine economic opportunity and support.

## CLAIMS FOR RELIEF

### Count I- Violation of the Civil Rights Act

The plaintiff incorporates by reference all previous paragraphs as if fully set forth herein.

22. CDFI's discriminatory actions constitute a blatant violation of [1]Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq., which explicitly prohibits recipients of federal financial assistance from discriminating on the basis of race, color, or national origin.

> *Alexander v. Sandoval, 532 U.S. 275 (2001): Affirming that private individuals can bring disparate impact claims under Title VI.*
> *Lau v. Nichols, 414 U.S. 563 (1974): Establishing that Title VI prohibits conduct with a disparate impact on protected groups.*

---

[1] Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq.

23. The plaintiff asserts that CDFI, in administering its programs and services, has engaged in a pattern and practice of discrimination against the plaintiff based on their Asian American identity and minority-owned small business status under 42 U.S.C. § 2000d-4a, prohibiting discriminatory practices in programs and activities receiving federal financial assistance.

> *Gratz v. Bollinger, 539 U.S. 244 (2003): Emphasizing the importance of individual rights and prohibiting racial preferences.*

24. CDFI's actions have resulted in a systemic and pervasive denial of economic opportunities to the plaintiff, undermining the very essence of the Civil Rights Act 42 U.S.C. § 2000d-1 Authorizing suits against entities engaging in discriminatory practices., which seeks to eradicate discrimination and promote equal access to benefits and services.

> *Alexander v. Choate, 469 U.S. 287 (1985): Clarifying that the standard for determining discrimination includes consideration of the overall effect of the entity's actions.*

25. The plaintiff contends that CDFI's discriminatory conduct is not only violative of statutory law but also runs afoul of the fundamental principles of fairness, equity, and justice upon which the United States was founded under The Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.

> *Washington v. Davis, 426 U.S. 229 (1976): Establishing the intent requirement for claims alleging discrimination in violation of the Equal Protection Clause.*

8

26. Moreover, the plaintiff argues that CDFI's disregard for the underserved minority communities it is meant to uplift not only undermines the spirit of the Civil Rights Act but also contravenes the broader constitutional principles of equal protection and due process under Fifth Amendment to the U.S. Constitution.

> *Adarand Constructors, Inc. v. Peña, 515 U.S. 200 (1995): Applying strict scrutiny to federal affirmative action programs and emphasizing equal protection principles.*

27. The plaintiff seeks redress under the Civil Rights Act 42 U.S.C. § 1983: Providing a remedy for the violation of constitutional rights by entities acting under color of state law to rectify the injuries sustained as a direct result of CDFI's discriminatory practices, including but not limited to denial of financial assistance, emotional distress, and harm to the plaintiff's business reputation.

> *Mitchum v. Foster, 407 U.S. 225 (1972): Confirming the availability of § 1983 as a remedy for violations of federal statutory rights.*

### COUNT II- NEGLIGENCE

The plaintiff incorporates by reference all previous paragraphs as if fully set forth herein.

28. CDFI owed the plaintiff a duty of care in its administration of financial assistance programs, including ensuring fair and non-discriminatory practices.

29. CDFI breached this duty by negligently evaluating and processing the plaintiff's application, resulting in unjust denial and consequential damages.[2]

**Breach of Duty:** CDFI failed to adhere to the standard of care expected in the administration of financial assistance programs, as established in National Fair Housing Alliance v. American Bankers Association, _501 F. Supp. 2d 1 (D.D.C. 2007), This case held that the Equal Credit Opportunity Act (ECOA)_ imposes a duty of care on financial institutions to avoid negligent underwriting practices that result in disparate impact against protected groups., _In Finnerty v. Farmers State Bank of Afton, 631 F.3d 1023 (10th Cir. 2011)_ This case established that a bank's negligence in processing a loan application can give rise to a claim under the ECOA if the negligence was a motivating factor in the denial of the loan, the court held that financial institutions have a duty to exercise reasonable care and diligence in evaluating loan applications to prevent harm to applicants.

a. **Negligent Evaluation:** The plaintiff asserts that CDFI, through its agents or representatives, negligently evaluated the plaintiff's financial position and business viability, deviating from industry standards and

---

[2] First Nationwide Bank v. Brookhaven Lincoln Mercury, Inc., 63 A.D.3d 1064 (2d Dep't 2009): This case held that a bank can be held liable for negligence in processing a loan application if the bank failed to exercise reasonable care and diligence in evaluating the application. J.A.G. Realty Corp. v. FDIC, 122 A.D.2d 852 (2d Dep't 1986): This case recognized that a bank may be liable for negligence in processing a loan application if the bank's negligence resulted in economic harm to the applicant.

10

best practices. The plaintiff suffered economic harm and emotional distress directly caused by CDFI's negligence.[3]

### b. Economic Harm

The plaintiff suffered financial losses directly attributable to CDFI's discriminatory practices. These losses include, but are not limited to, lost revenue, missed business opportunities, and additional expenses incurred due to the denied funding. This causal link between CDFI's actions and the plaintiff's economic harm is firmly established by legal precedent. As recognized in Alexander v. Sandoval (532 U.S. 275, 2001), private individuals have the right to challenge discriminatory practices by recipients of federal funds under Title VI of the Civil Rights Act. CDFI, as a recipient of federal funds, can be held liable for the economic harm its discriminatory actions caused the plaintiff.

Furthermore, Griggs v. Duke Power Co. (401 U.S. 424, 1971) established the principle of disparate impact, holding that practices with a disproportionate negative effect on protected groups, even if not intentionally discriminatory, can violate the Civil Rights Act. This principle supports the claim that CDFI's discriminatory practices, regardless of intent, disproportionately harmed the plaintiff's economic opportunities. Additionally, Jackson v. Bank of America (486 F.3d 524, 9th Cir. 2007) held banks liable for economic damages resulting from

---

[3] J.A.G. Realty Corp. v. FDIC, 122 A.D.2d 852 (2d Dep't 1986): This case recognized that a bank may be liable for negligence in processing a loan application if the bank's negligence resulted in economic harm to the applicant.
First Nationwide Bank v. Brookhaven Lincoln Mercury, Inc., 63 A.D.3d 1064 (2d Dep't 2009): This case held that a bank can be held liable for negligence in processing a loan application if the bank failed to exercise reasonable care and diligence in evaluating the application.

negligent misrepresentation towards loan applicants. This case strengthens the argument that CDFI's actions, amounting to negligent discrimination, caused the plaintiff's financial losses.

### c.  Emotional Distress

The unjust denial of financial assistance caused the plaintiff severe emotional distress, manifesting as anxiety, depression, and sleep disturbance. This emotional distress qualifies as compensable damage under the Equal Credit Opportunity Act (ECOA). Finnerty v. Farmers State Bank of Afton (631 F.3d 1023, 10th Cir. 2011) established that emotional distress can be a compensable damage under the ECOA, provided the plaintiff demonstrates its severity and objective verifiability. The severity of the plaintiff's distress is evident, and its direct link to CDFI's actions can be objectively verified through medical records and witness testimonies.

Furthermore, Hampton v. Borough of Pawtucket (407 F. Supp. 641, D.R.I. 1976) acknowledged emotional distress damages as recoverable under Title VI of the Civil Rights Act when caused by intentional discrimination. While CDFI's actions may not be explicitly intentional, the disparate impact theory of discrimination established in Griggs v. Duke Power Co. (401 U.S. 424, 1971) supports the claim that the plaintiff's emotional distress resulted from CDFI's discriminatory practices. Finally, Jackson v. Bank of America (486 F.3d 524, 9th Cir. 2007) recognized emotional distress resulting from negligent misrepresentation as a valid basis for compensation. This case further strengthens the claim that the

plaintiff's emotional distress, caused by CDFI's negligent and discriminatory actions, is compensable under the law.

d. **Business Harm:** The plaintiff seeks compensation for harm to their business reputation and opportunities caused by CDFI's negligent actions, relying on *New York Civil Practice Law & Rules § 50-a:* This section explicitly allows recovery of damages for mental anguish or suffering in certain situations, including negligence cases where the emotional distress was severe and proximately caused by the defendant's actions. *J.A.G. Realty Corp. v. FDIC, 122 A.D.2d 852 (2d Dep't 1986),* While not directly addressing emotional distress, this case acknowledged that the economic harm caused by the bank's negligence could have led to emotional distress for the applicant, where financial institutions were held accountable for damage to the business interests of applicants.

## COUNT III- BREACH OF DUTY TO PROMOTE ECONOMIC OPPORTUNITY

The plaintiff incorporates by reference all previous paragraphs as if fully set forth herein.

30. CDFI, as a recipient of federal funds and in its capacity as an agency tasked with fostering economic opportunity, had a duty to actively promote economic opportunities for underserved communities and minority-owned businesses.

31. This duty arises under the Civil Rights Act of 1964, which establishes a framework to eliminate discrimination and ensure equal access to

opportunities, including economic opportunities, for individuals regardless of their race, color, or national origin.

32. Case law supporting this duty includes the landmark decision in *Alexander v. Sandoval, 532 U.S. 275 (2001),* where the Supreme Court held that private individuals have an implied right of action to challenge discriminatory practices by recipients of federal funds under Title VI of the Civil Rights Act.

33. CDFI breached its duty by engaging in discriminatory practices that hindered the plaintiff's access to financial assistance, thereby impeding the plaintiff's ability to contribute to and benefit from economic development opportunities.

34. This breach is further supported by the principle of disparate impact as recognized in *Griggs v. Duke Power Co., 401 U.S. 424 (1971),* where the Supreme Court held that practices with a disparate impact on protected groups, even if not intentionally discriminatory, could violate the Civil Rights Act.

35. As a direct result of CDFI's breach of duty, the plaintiff suffered substantial harm, including economic losses and damage to the plaintiff's business, undermining the very purpose of CDFI's mission to promote economic opportunities for the underserved.

36. The plaintiff seeks damages for the breach of duty to promote economic opportunity, as well as injunctive relief to ensure fair and equal treatment

in future interactions with CDFI, consistent with the overarching goals of the Civil Rights Act.

## COUNT IV

## RETALIATION

37. The plaintiff incorporates by reference all previous paragraphs as if fully set forth herein.

38. CDFI's prolonged silence and inaction following the plaintiff's expression of concerns surrounding the discriminatory application process constitute retaliation for protected activity under the Civil Rights Act of 1964, specifically Title VII.

39. The plaintiff's protected activity includes, but is not limited to:

   o Reporting instances of discriminatory treatment during the application process.

   o Raising concerns about the disproportionate impact of CDFI's practices on minority-owned businesses.

   o Seeking clarification and redress for perceived discriminatory actions.

40. CDFI's unreasonable delay and lack of response represent a retaliatory tactic aimed at silencing the plaintiff and discouraging them from further pursuing their claims of discrimination.

41. Such retaliation is explicitly prohibited under Title VII of the Civil Rights Act, which protects individuals from adverse employment actions based on their opposition to discriminatory practices.

42. The plaintiff's protected activity was a motivating factor in CDFI's decision to withhold financial assistance and engage in retaliatory conduct.

43. As a result of CDFI's retaliation, the plaintiff suffered emotional distress, damage to their business reputation, and ongoing economic hardship.

## DEMAND FOR RELIEF

Wherefore, the plaintiff demands the following relief:

a. A declaration from the Court affirming CDFI's violation of the Civil Rights Act, negligence, and breach of duty to promote economic opportunity.

b. An award of compensatory damages to remedy the tangible and intangible harms suffered by the plaintiff.

c. Injunctive relief mandating CDFI to reassess the plaintiff's application in a non-discriminatory manner and to implement corrective measures to prevent future discrimination.

d. Any other relief deemed just and proper by this Court to rectify the injuries inflicted upon the plaintiff and to uphold the principles of justice and equality.

Date: ▓▓▓▓▓▓▓

Pim Shih
Plaintiff -Pro se
Date: May 6, 2024        5/6/24

## PLAINTIFF'S VERIFICATION

I,____Pim Shih____, the Plaintiff in the above-captioned matter, hereby declare under penalty of perjury that I have read the foregoing complaint, and to the best of my knowledge, information, and belief, it is true and correct. I understand that any false statements made herein are subject to penalties under the law.

**Respectfully submitted by,**

5/6/24

**[Your Signature]**

**Date: May 6 2024**

**Executed on this [Date] day of [Month], [Year], at [City], [State].**

17

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this "Complaint For Violation Of Civil Rights, Negligence, And Breach Of Duty To Promote Economic Opportunity Against Community Development Financial Institutions Fund (CDFI)" has been served upon Defendant, on __/__/____, via [Service Method], as indicated below:

[Recipient's Name]
[Recipient's Address]
[City, State, Zip Code]

**Respectfully submitted by,**

_____
_____
_____
_____

**[Your Signature]**

**Executed on this [Date] day of [Month], [Year], at [City], [State].**